UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HELLS CANYON PRESERVATION
COUNCIL, an Oregon non-profit
corporation and THE WILDERNESS
SOCIETY,

        Plaintiffs,

   v.

UNITED STATES FOREST SERVICE,
an agency of the United States Department
of Agriculture,

        Defendant.

_____

Civil No. 02-1138-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

     Co-plaintiffs Hells Canyon Preservation Council (HCPC) and The Wilderness Society

(TWS) allege that defendant United States Forest Service (Forest Service) violated federal law in

authorizing continued motorized vehicle use in a protected wilderness area and in failing to

PAGE 1 - OPINION AND ORDER

maintain Congress's mapped depiction of the wilderness area in question.  On May 6, 2003, this court granted the Forest Service's Motion to Dismiss [8] the instant case on *res judicata* grounds.  On June 2, 2005, the United States Court of Appeals for the Ninth Circuit reversed..  On August 16, 2005, this court granted plaintiff HCPC's Motion to Join [46] The Wilderness Society (TWS) as co-plaintiff to the instant case.  Plaintiffs have filed a Motion for Summary Judgment [56] and defendant has filed a Motion for Summary Judgment [60].  The court heard oral argument on the cross-motions for summary judgment on May 26, 2006.

For the following reasons, defendant's Motion for Summary Judgment is granted and plaintiffs' Motion for Summary Judgment is denied.

## RELEVANT FACTUAL BACKGROUND

### A.    Hells Canyon National Recreation Area Act

Congress enacted the Hells Canyon National Recreation Area (HCNRA) Act in 1975, which established the Hells Canyon Wilderness (the Wilderness) as part of the larger HCNRA. 16 U.S.C. §§ 460gg, *et seq*.  The HCRNA Act created several different land designations within the larger HCNRA, including the Wilderness, wilderness study areas, Wild and Scenic River system lands and waters, and general recreation area lands.  16 U.S.C. § 460gg(b).  Each designation establishes different management requirements and land use restrictions, with the Wilderness being the most restrictive regarding motorized recreation and development.

The HCNRA Act designated as Wilderness lands depicted on a map (the 1975 map).  The Act provided that the 1975 map was to be preserved on file and available for public inspection in the office of the Chief of the Forest Service.  16 U.S.C. §§ 460gg(b).  Congress instructed the

PAGE 2 - OPINION AND ORDER

Secretary of Agriculture to use the 1975 map to prepare a detailed boundary description, and publish the description in the Federal Register.  16. U.S.C. §§ 460gg(b).  Congress subsequently changed the boundary of a portion of the Wilderness, substituting a 1978 map for the 1975 map. Pub. L. 95-625 (1978).  The detailed boundary description and accompanying 1978 map was created and published in 1981.

**B.    1994 Litigation**

In 1989, the Forest Service closed the Lord Flat Road to motorized vehicles after determining that a 1.5 mile portion of the road was located within the Wilderness.  The Lord Flat Road begins at Warnock Corral and extends north for 15 miles to the Lord Flat Airstrip.  In July 1992, the Forest Service decided to relocate the portion of the Lord Flat Road that was located within the Wilderness.

On April 7, 1994, HCPC filed suit (*HCPC I*) challenging the decision of the Forest Service to relocate the segment of the Lord Flat Road in question, alleging that a portion of the Lord Flat road that was not relocated, but was accessed solely by the relocated road, was within the Wilderness in violation of the Wilderness Act.  HCPC also alleged that certain aspects of the relocation and reconstruction violated the National Environmental Policy Act (NEPA).  HCPC asked this court to enter an injunction requiring defendant to close the portion of the road that remained within the Wilderness.

This claim was briefed in cross motions for summary judgment.  The claim relied upon a government map detailing the Wilderness Boundary around the portion of Lord Flat Road in question.  During oral argument on the cross motions for summary judgment, HCPC withdrew

PAGE 3 - OPINION AND ORDER

this claim after the Forest Service asserted that its map detailing the Wilderness Boundary was inaccurate.  The court then granted the Forest Service's motion as to HCPC's NEPA claim and denied the parties' cross motions regarding the Wilderness Act claim as moot.  *Hells Canyon Preservation Council v. U.S. Forest Service*, 883 F. Supp. 534, 539 (D. Or. 1995).

###        C.        Current Litigation

In December 2001, HCPC submitted a Freedom of Information Act (FOIA) request to the Forest Service.  HCPC sought all files pertaining to the Lord Flat Road and the Wilderness Boundary.  HCPC also requested the 1978 map from the Chief of the Forest Service.  In response, the Forest Service provided a copy of the 1981 Federal Register Notice, but after an exhaustive search the original 1978 map was deemed lost.

Plaintiffs filed this Complaint on August 21, 2002 ( hereinafter "*HCPC II*").  HCPC's First Claim alleges that the Forest Service  has violated the HCNRA Act (16 U.S.C. §§ 460gg *et seq.*) by failing to maintain the 1975 and 1978 Wilderness Boundary maps on file in the Chief of the Forest Service's Office in Washington, D.C., by describing the boundary of the Hells Canyon Wilderness as the "'rim' and 'ridge,'" rather than the "hydrologic divide."

Plaintiffs' Second Claim alleges that sections of the Lord Flat Road are located within the Hells Canyon Wilderness, and that by allowing motorized use on this road, the Forest Service is violating the Wilderness Act.  16 U.S.C. §§ 1131-1136.  Plaintiffs' Third Claim alleges violations of the Administrative Procedure Act (APA), 5 U.S.C. §§ 706(1) and 706(2)(A), asserting that the Forest Service erred by not maintaining the 1978 map, and by not complying

PAGE 4 - OPINION AND ORDER

with congressional intent in defining the Wilderness Boundary.  Additionally, plaintiffs allege that the Forest Service violated the APA by allowing motorized vehicles in the Wilderness.

On May 6, 2003, this court granted defendant's motion to dismiss HCPC's claims on *res judicata* grounds.  The court concluded that the claims were precluded based on *HCPC I*.  The Ninth Circuit reversed, holding that there was not a final judgment on the merits as to the Wilderness Act claim in *HCPC I* because the withdrawal of the Wilderness Act claim at oral argument in the earlier litigation effectively amended the pleadings, and prejudice does not attach to a claim that is properly dropped from a complaint under Rule 15(a).  *Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 693 (9th Cir. 2005).

As noted above, the parties subsequently filed cross motions for summary judgment. Defendant argues specifically that plaintiffs (1) failed to challenge a final agency action, (2) failed to comply with the applicable statute of limitations, and (3) lack standing.

**STANDARDS**

   **A.    Summary Judgment**

Summary judgment is appropriate when the record before the court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In cases in which a court is reviewing an agency's decisions pursuant to the parameters of the APA, the function of this court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did.  *See City & Co. of San Francisco v. United States*, 130 F.3d 873, 877 (9th Cir. 1997).  The court is responsible for resolving relevant questions of law, interpreting

PAGE 5 - OPINION AND ORDER

constitutional and statutory provisions, and determining the meaning or applicability of the terms

of an agency action.  5 U.S.C. § 706.

      **B.**      **Statute of Limitations**

      Actions brought under the APA are subject to the six-year statute of limitations in 28

U.S.C. § 2401(a).  *Wind River Mining Corp. v. United States*, 946 F.2d 710, 713 (9th Cir. 1991).

The Ninth Circuit has held that "traditional exceptions such as equitable tolling, waiver, and

estoppel" apply to this statute of limitations.  *Cedars-Sinai Medical Center v. Shalala*, 125 F.3d

765, 770 (9th Cir. 1997).  "Actual knowledge of government action, however, is not required for

a statutory period to commence.  Publication in the Federal Register is legally sufficient notice to

all interested or affected persons regardless of actual knowledge or hardship resulting from

ignorance."  *Shiny Rock Mining Corp. v. United States*, 906 F.2d 1362, 1364 (9th Cir. 1990)

(internal citations omitted).  Because the question of when a claim accrues is a fact-intensive

inquiry, a district court's factual finding concerning when a claim accrues is entitled to

deferential review.  *Hells Canyon*, 403 F.3d at 691.

**ANALYSIS**

      Defendant argues that 28 U.S.C. § 2401(a)'s six-year statute of limitations bars plaintiffs'

claims.  Defendant makes a two-pronged argument: first, that the statute began to run in 1981,

when the Forest Service published its boundary description for the Wilderness, and that in the

alternative, the statute began to run in 1994, when HCPC filed its initial challenge to the

relocation of a portion of Lord Flat Road.

PAGE 6 - OPINION AND ORDER

Plaintiffs argue that their claims are not barred by the statute of limitation because plaintiffs were unaware of any boundary incursion until 1997, regardless of plaintiff HCPC's initial Wilderness Act claim in 1994.  Plaintiffs also argue that defendant's asserted statute of limitations defense should be confined to the Wilderness Act claim.

Plaintiffs' argument that defendant's statute of limitations defense applies only to the Wilderness Act claim, and not the HCNRA map claim, lacks merit.  Defendant's Answer [27] asserts the defense to both claims.  The maintenance of the map cannot be considered a final agency action.  *See Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 62-63 (2004). Therefore, plaintiffs' reliance on the loss of the map for statute of limitations purposes is untenable.

Plaintiffs' right of action accrued upon publication of notice of the boundary description in 1981.  The 1975 HCRNA Act directed the Forest Service to "publish a detailed boundary description."  16 U.S.C. § 460gg(b).  In 1981, the Forest Service published Notice in the Federal Register that copies of the detailed boundary description were available at various Forest Service offices, as required by the HCRNA Act.  46 Fed. Reg. 34611 (July 2, 1981).  Thus, as of 1981, the legal boundary of the Wilderness was established, as described in the Federal Register Notice.  Therefore, the statute of limitations expired in 1987, fifteen years prior to this suit. Contrary to plaintiffs' assertion, defendant need not have actually published the boundary description in the Federal Register for plaintiffs' right of action to accrue.  Notice of the boundary description in the Federal Register afforded plaintiffs legally sufficient notice.  *See*

*Shiny Rock*, 906 F.2d at 1364.  Plaintiffs "make no claim that the notice in issue was not duly

filed or made available for public inspection."  *Camp v. U.S. Bureau of Land Management*, 183

F.3d 1141, 1142-43 (9th Cir. 1999).

Plaintiffs' assertion that the statute of limitations did not begin to run until plaintiffs

"became aware" of a boundary incursion is unpersuasive.  Plaintiffs argue that, as of 1981, they

knew only the location of the Wilderness Boundary, but did not know until 1997 that the Lord

Flat Road crossed into the Wilderness.  Plaintiffs argue that Lord Flat Road crosses into the

Wilderness because the proper Wilderness boundary is the hydrologic divide.  By alleging that

the Wilderness boundary is incorrect, and that it was Congress' intent that the boundary be the

hydrologic divide, plaintiffs can only be saying that the 1981 boundary description, which is not

necessarily along the hydrologic divide, is incorrect.  This argument fails because plaintiffs'

cannot challenge the mere existence of a road; they must challenge a governmental action.  Here,

the government action is the creation of the boundary description. A challenge to that boundary

description is barred by the statute of limitations.

Even if defendant were not entitled to summary judgment based on the claims accruing in

1981, this court would find alternatively that the statute began to run at the commencement of

HCPC's earlier litigation.  In 1994, plaintiff HCPC filed claims under NEPA and the Wilderness

Act, stemming from the same basic facts underlying this case.  Even though HCPC withdrew the

Wilderness Act claim before the court granted defendant's summary judgment motion on the

NEPA claim, HCPC cannot now assert that they did not have actual notice of the alleged

PAGE 8 - OPINION AND ORDER

Wilderness Act violation.  In fact, plaintiffs concede that HCPC withdrew their Wilderness Act claim, in part, to conduct  research into the possibility of other areas where the road entered the Wilderness.  Even if plaintiffs' claims did not accrue in 1981, plaintiffs' claims accrued in 1994. Plaintiff HCPC did not file their Complaint until August 2002.  Therefore, plaintiff HCPC's claims would also be time-barred under defendant's alternative argument, as well.[1]

Because plaintiffs' claims are time-barred by the six-year statute of limitations, the court need not address the remaining arguments asserted by the parties.  Accordingly, plaintiffs' Complaint and action must be dismissed.

**CONCLUSION**

For the reasons stated above, plaintiffs' Motion for Summary Judgment [56] is DENIED, defendant's Motion for Summary Judgment is [60] is GRANTED, and plaintiffs' Complaint is dismissed with prejudice.

IT IS SO ORDERED.

Dated this___30___ day of March, 2007

_____
               /s/ Ancer L. Haggerty
              Ancer L. Haggerty
              United States District Judge

---

[1]  Insofar as recently-joined plaintiff TWS was not a party to the 1994 litigation, the statute of limitations as to plaintiff TWS still began to run in 1981 and their claims are also time-barred.

PAGE 9 - OPINION AND ORDER